```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE LUIS COLON,

                         Plaintiff,                    09-CV-6527

v.                                                     **DECISION
                                                       and ORDER**
MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                         Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Jose Luis Colon ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") John P. Costello denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) ("Rule 12(c)"), on the grounds that the ALJ's decision was supported by substantial evidence, and made in accordance with applicable law. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on the grounds that the Commissioner's decision was erroneous. For the reasons set forth below, I find that the record is incomplete with respect to plaintiff's claim of illiteracy, and

that the ALJ failed to adequately explain his reasons for not giving controlling weight to the plaintiff's treating physician. Accordingly, I remand this case for further proceedings consistent with this Decision.

## BACKGROUND

On September 14, 2007, Plaintiff, at the time a 47 year old unemployed man, filed an application for Supplemental Security Income ("SSI") under Title II of the Social Security Act ("the Act"). ®. 102)[1]. Plaintiff claims a date of disability beginning on December 9, 2004. In a decision dated April 13, 2009, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became the final decision of the of the Commissioner when the Social Security Appeals Council denied the Plaintiff's request for review on August 21, 2009. On October 19, 2009, Plaintiff filed this action pursuant to § 405(g) of the Act for review of the final decision of the Commissioner.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Disability Insurance Benefits and Supplemental Security Income. Additionally, the section directs that when considering such claims, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.

---

[1]Citations to "R." refer to the Record of the Administrative Proceedings

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Consequently, the Commissioner moves for an order to affirm the decision pursuant to sentence four of 42 U.S.C. 405(g), which provides "[t]he court shall have the power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." A remand to the Commissioner for further development of the evidence under 42 U.S.C. 405(g) is appropriate when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999).

Because this Court determines that further development of the evidence is appropriate, and that the weight given to the opinion of Dr. Whitbeck should be re-evaluated, the Commissioner's motion

for judgment on the pleadings is denied and the case is remanded for further administrative proceedings in accordance with this decision.

**II. <u>There are gaps in the administrative record regarding plaintiff's alleged illiteracy which require further administrative proceedings</u>**

The ALJ determined that although Plaintiff had severe impairments, they did not amount to a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 and, therefore, Plaintiff was not disabled. The ALJ then concluded that the Plaintiff retained the residual functional capacity to engage in a full range of sedentary work.

I find, however, that the ALJ failed to fully develop the record with respect to Plaintiff's alleged illiteracy. Illiteracy is defined in the Social Security regulations as the inability of a person to "read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." 20 C.F.R. §404.1564(b)(1). Depending on the claimant's age, other impairments, and past work experience, illiteracy may render a claimant disabled. <u>See</u> 20 C.F.R. Pt. 404, Subpt. P, App. 2. Accordingly, the determination of whether or not a claimant is illiterate can be the deciding factor in determining whether or not a plaintiff is disabled.

In this case, the ALJ found that the Plaintiff was not illiterate because he "admitted he can read and write English," and that he "can write more than his name." (R. at 16). However, because the record was not fully developed with respect to his

claimed illiteracy, I remand for further development of the record on this issue.

In the Plaintiff's application for disability benefits, he listed a "learning disability" as one of his disabling conditions. (R. 97). That application further revealed that the Plaintiff had only completed school through the ninth grade and attended special education classes in a twelve-student-to-one-teacher setting. (R. 102.) At his administrative hearing, the Plaintiff testified that the extent of his writing ability was limited to signing his name. (R. 26-27). He also testified that he could not write a grocery list due to his inadequate writing skills, and that he also has very limited ability to read a newspaper. (R. 27). Plaintiff's wife also testified that she often had to read Plaintiff's mail and explain to him the contents in simple wording so he could understand the meaning of the correspondence. She filled out the forms for Social Security to make his claim. (R. 42-43). This evidence suggests that the plaintiff is in fact illiterate as that term is defined in the regulations.

Despite the plaintiff's claim of illiteracy, however, the record reveals that there was no formal testing of Plaintiff's literacy level. The statements of the plaintiff and his wife in the Administrative Proceeding, and the information on the disability statement (prepared by a Ms. Bodyk, whose profession or relation to Plaintiff was not specified within the record) are the only evidence attesting to Plaintiff's illiteracy. (R. 27, 92-95). On remand, the ALJ should further develop the record with respect

to Plaintiff's alleged illiteracy, and if plaintiff is found to be illiterate, what effect that condition may have on his capacity to perform work in the economy.

### III. Reconsideration of the weight afforded to Dr. Whitbeck's Medical Opinion

Plaintiff's treating physician Dr. Whitbeck noted on several occasions that the plaintiff suffered from either a temporary or permanent partial or total disability as a result of his lumbar disorder.[2] Despite this evidence, the ALJ gave greater weight to the a residual functional capacity report prepared by Mr. Zyra, a physical therapist, who is not Plaintiff's treating physician, and who, under the Social Security Regulations, whose opinion cannot

---

[2] A partial summary of Dr. Whitbeck's reports concerning the plaintiff's medical status:

5/16/08      "Meanwhile he remains temporarily totally disabled." (R. 209.)

6/27/08      ". . . approaching the two year mark . . . likely will have permanent level of disability." (R. 211.)

8/13/08      "We will see him back once the functional capacity evaluation is performed. Meanwhile he remains temporarily totally disabled." (R. 212.)

10/1/08      "His clinical situation is unchanged" . . . "Meanwhile, he remains temporarily totally disabled." (R. 213.)

11/14/08      "[He] . . . has not undergone his functional capacity evaluation yet." "Meanwhile he remains temporarily totally disabled. I have spent 10 minutes in face-to-face contact with the patient and the entire time has been spent engaged in patient education and counseling." (R. 214.)

1/20/09      "His clinical situation is unchanged." [Dr. Whitbeck] ". . . reviewed the results of a functional capacity evaluation that was recently performed at Rochester General Hospital." He concurred "with the conclusion that he has a permanent marked partial disability with specific restrictions as outlined in the functional capacity evaluation." . . . "He is considered to have a permanent marked partial disability." . . . "I have suggested that he move forward with retraining as I am not sure that he has the skills to work in a sedentary capacity." (R. 236.)

be considered to be the opinion of an acceptable medical source, but rather must simply be considered as "evidence from [an]other source[]" in accordance with 20 C.F.R. §404.1513(d)(1). Moreover, an RFC assessment is not considered to be substantial evidence when it is not completed by a treating physician. Fagon v. Sullivan, 1989 WL 280336 (1989). Accordingly, it is not clear why the ALJ gave "great weight" to the physical therapist's report, and less weight to the opinions of the Dr. Whitbeck, who repeatedly characterized the plaintiff as disabled.

It is further unclear why Dr. Whitbeck's opinions, who was the Plaintiff's treating physician, were not given controlling weight. Generally, the well supported opinions of a treating physician are to be given controlling weight unless those opinions are inconsistent with the objective medical evidence contained in the record. See Clark v. Commissioner, 143 F.3d 115, 118 (2d Cir. 1998). If an ALJ declines to give the opinion of a treating physician controlling weight, the ALJ must explain his or her reasons for doing so. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Moreover, it is unclear why the ALJ discounted Dr. Whitbeck's opinions, and instead chose to give great weight to the opinion of a physical therapist. On remand, the ALJ should reconsider the weight given to the opinions of these sources, and explain the reasons for assigning the weight given to each opinion. The regulations provide that the combined effect of all impairments will be considered "without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20

C.F.R. §416.923. Upon remand, if Plaintiff is found to be illiterate as provided in the regulations, this non-exertional limitation should be considered together with Plaintiff's severe back impairment in determining whether Plaintiff is disabled within the meaning of the Act. Based on the errors made by the ALJ, in particular in failing to fully develop the record concerning Plaintiff's claim of illiteracy, and placing great weight upon the RFC opinion of Mr. Zyra, a physical therapist in contrast to the opinions of plaintiff's long-time treating physician, Dr. Whitbeck, I reverse the ALJ's decision and remand the case to the Commissioner for further development of the evidence as explained in this decision.

## **CONCLUSION**

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is denied and the Plaintiff's request that the claim be remanded to the Social Security Administration for further proceedings and development of the record in accordance with this decision is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   Rochester, New York
         July 23, 2010